# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| TIMOTHY MICHAEL HUCKABEE, D.D.S., P.A, a Texas professional association, individually and on behalf of all others similarly situated, | § § § § § | |
| Plaintiff, | § | |
| v. | § § | CASE NO._____ |
| IMPLANTS & GUMCARE, P.A., a Texas professional association, | § § § | COMPLAINT - CLASS ACTION |
| Defendant. | § § | |

## ORIGINAL CLASS ACTION COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Timothy Michael Huckabee, D.D.S., P.A., Plaintiff in the above entitled matter, complaining of Implants & Gumcare, P.A.'s ("Implants & Gumcare" or "Defendant") practice of sending unsolicited facsimile advertisements.

## PRELIMINARY STATEMENT

1.     This case challenges Defendant's practice of sending unsolicited fax advertisements.

2.     The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing (or having an agent fax) advertisements without the recipient's prior express consent, invitation, and permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation. Upon information and belief, Defendant has sent a series of facsimile transmissions of unsolicited advertisements to

Plaintiff and the Class in violation of the JFPA, starting on, or about, April 13, 2016. *See* "Implants and Gumcare Faxes," a true and correct copy of which are attached hereto as Exhibit A). The Faxes promote the services and goods of Defendant, namely its periodontal services and continuing education classes. Plaintiff is informed and believes and, upon such information and belief, avers that Defendant has sent and continues to send unsolicited advertisements via facsimile transmission in violation of the JFPA.

3.      Unsolicited faxes cause damage to their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's time that would have been spent on something else. A junk fax also invades the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the JFPA.

5.      Plaintiff is informed and believes and, upon such information and belief, avers that this action is based upon a common nucleus of operative fact because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendant, its employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") a federal statute. Furthermore, jurisdiction is proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq*. ("CAFA") because the Classes each consist of over 100 people, at least one member of each Class is from a State other than Texas (the state of Defendant), and the amount in controversy exceeds $5,000,000. Further, none of the exceptions to CAFA jurisdiction apply.

7.      The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is registered to do business in the State of Texas, regularly conducts business in the State of Texas and in this district, and is headquartered in this District.

8.      Venue is proper in this District because Defendant is located in this district and a significant portion of the events took place within this District.

## PARTIES

9.      Plaintiff, Timothy Michael Huckabee, D.D.S., P.A., is a Texas professional association with its principal place of business located in Southlake, Tarrant County, Texas.

10.     On information and belief, Defendant, Implants & Gumcare, P.A. ("Implants & Gumcare"), is a Texas professional association with its principal place of business in Carrollton, Texas.

## FACTS

11.     Starting on or about April 13, 2016, Defendant transmitted, by telephone facsimile machine, a series of unsolicited faxes to Plaintiff from the facsimile number (214) 731-1122. A copy of those facsimiles is attached hereto as Exhibit A.

12.     Implants & Gumcare profited by and received the benefits of marketing of its products and is a responsible party under the JFPA.

13.     Defendant created or made Exhibit A, which Defendant knew or should have known advertises Defendant's goods or products (namely, its periodontal services and continuing education classes) that Defendant intended to and did in fact distribute to Plaintiff and the other members of the Class.

14.     Exhibit A is part of Defendant's work or operations to market Defendant's goods or services which are performed by Defendant and/or on behalf of Defendant. Therefore, Exhibit A constitutes material furnished in connection with Defendant's work or operations.

15.     Plaintiff had not invited or given permission to Defendant to send the faxes.

16.     Plaintiff requested that Defendant stop faxing him on March 22, 2016 by texting (214) 228-2222 as indicated on Defendant's faxes. Despite this request, Plaintiff continued to receive subsequent faxes in April 2016.

17.     On information and belief, Defendant faxed the same unsolicited facsimiles to Plaintiff and more than 40 other recipients without first receiving the recipients' express permission or invitation.

18.     There is no reasonable means for Plaintiff (or any other Class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

19.     Defendant's facsimiles did not display a proper opt-out notice as required by 47 C.F.R. 64.1200 because it did not apprise recipients of their legal right to opt out.

20.     Plaintiff has requested from Defendant that they stop faxing him on multiple occasions, yet he continues to receive faxes from Defendant.

## CLASS ACTION ALLEGATIONS

21.    In accordance with F. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), and LR 23.1(A)(2),

Plaintiff brings this class action pursuant to the JFPA, on behalf of the following Classes of

persons:

**JFPA No Consent Class:** All persons who (1) on or after four years prior to the filing of this action, (2) were sent, by Defendant or on Defendant's behalf a telephone facsimile message substantially similar to Exhibit A, (3) from whom Defendant claims it obtained prior express permission or invitation to send those faxes in the same manner as Defendant claims it obtained prior express consent to fax the Plaintiff.

**JFPA Stop Class:** All persons who (1) on or after four years prior to the filing of this action, (2) were sent, by Defendant or on Defendant's behalf, a telephone facsimile message substantially similar to Exhibit A, (3) for the purpose of selling Defendant's products and services, (4) after the person informed Defendant that s/he no longer wished to receive facsimile messages from Defendant.

Excluded from the Classes are (1) Defendant, Defendant's agents, subsidiaries, parents,

successors, predecessors, and any entity in which the Defendant or its parents have a

controlling interest and its current and former employees, officers, and directors, (2) the

Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate

Judge's immediate family, (3) persons who execute and file a timely request for exclusion,

(4) the legal representatives, successors, or assigns of any such excluded person, and (5)

Plaintiff's counsel and Defendant's counsel. Plaintiff reserves the right to amend the class

definition upon completion of class certification discovery.

22.    <u>Class Size (F. R. Civ. P. 23(a)(1))</u>: Plaintiff is informed and believes and, upon such

information and belief, avers that the number of persons and entities of the Plaintiff Classes are

numerous and joinder of all members is impracticable. Plaintiff is informed and believes and, upon

such information and belief, avers that the number of Class members is in the thousands.

23.   <u>Commonality (F. R. Civ. P. 23 (a) (2))</u>: Common questions of law and fact apply to the claims of all Class members. Common material questions of fact and law include, but are not limited to, the following:

(a)    Whether the Defendant sent unsolicited fax advertisements;

(b)    Whether the Defendant's faxes advertised the commercial availability of property, goods, or services;

(c)    What manner and method the Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(d)    Whether the Defendant faxed advertisements without first obtaining the recipient's prior express consent, permission or invitation;

(e)    Whether the Defendant sent the faxed advertisements knowingly;

(f)    Whether the Defendant violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

(g)    Whether the faxes contained an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

(h)    Whether the Defendant should be enjoined from faxing advertisements in the future;

(i)    Whether the Plaintiff and the other members of the Class are entitled to statutory damages; and

(j)    Whether the Court should award treble damages.

24.   <u>Typicality (F. R. Civ. P. 23 (a) (3))</u>: The Plaintiff's claims are typical of the claims of all Class members. The Plaintiff received the faxes sent by or on behalf of the Defendant

advertising goods and services of the Defendant during the Class Period. The Plaintiff is making the same claims and seeking the same relief for itself and all Class members based upon the same federal statute. The Defendant has acted the same or in a similar manner with respect to the Plaintiff and all the Class members.

25.     Fair and Adequate Representation (F. R. Civ. P. 23 (a) (4)): The Plaintiff will fairly and adequately represent and protect the interests of the Class. It is interested in this matter, has no conflicts and has retained experienced class counsel to represent the Class.

26.     Common Conduct (F. R. Civ. P. 23 (b) (2)): Class certification is appropriate because the Defendant has acted and refused to act in the same or similar manner with respect to all Class members thereby making injunctive and declaratory relief appropriate. The Plaintiff demands such relief as authorized by 47 U.S.C. §227.

27.     Predominance, Superiority, and Manageability (F. R. Civ. P. 23 (b) (3)): Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

(a)     Proof of the claims of the Plaintiff will also prove the claims of the Class without the need for separate or individualized proceedings;

(b)     Evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

(c)     The Defendant has acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all Class members;

(d)      The amount likely to be recovered by individual Class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

(e)      This case is manageable as a class action in that:

i.      The Defendant identified persons or entities to receive the fax transmission and it is believed that the Defendant's computer and business records will enable the Plaintiff to readily identify Class members and establish liability and damages;

ii.      Liability and damages can be established for the Plaintiff and the Class with the same common proofs;

iii.      Statutory damages are provided for in the statute, are the same for all Class members and can be calculated in the same or a similar manner;

iv.      A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

v.       A class action will contribute to uniformity of decisions concerning the Defendant's practices; and

vi.      As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

<u>COUNT I</u>
**Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227, *et seq.***

28.     Plaintiff and the Classes reassert and incorporate herein by reference the averments set forth in paragraphs 1-27 above.

29.     The JFPA makes unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement …" 47 U.S.C. § 227(b)(1)(C).

30.     The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a) (5).

31.     The faxes sent by Defendant advertise Defendant's periodontal services and continuing education classes, are commercial in nature, and are advertisements under the TCPA.

32.     Plaintiff and the other No Consent Class members never gave prior express consent to receive the faxes.

33.     The faxes failed to contain a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements. A clear and conspicuous notice on the first page of the advertisement that states the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines is required, along with notice that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of 47 C.F.R. § 64.1200, is unlawful. An "opt-out" request under paragraph (a)(4)(v) of 47 C.F.R. § 64.1200 is also required and includes (a) a domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and (*b*) if neither the required telephone number nor facsimile machine

number is a toll-free number, a separate cost-free mechanism, including a Web site address or email address, enabling a recipient to transmit a request pursuant to such notice to the sender of the advertisement, is mandatory. The notice similarly failed to include working telephone and facsimile numbers and a cost-free mechanism was not identified in the notice that would permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

34. **Opt-Out Notice Requirements.** The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in §(b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following, among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

1. a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

2. a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

3. a statement advising the recipient that he or she may opt-out with respect to all of his or its facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or its fax machines;

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and regulations of the Federal

Communications Commission (the "FCC") in ¶31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005,* 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of fax machines, giving them the right, and means, to stop unwanted faxed advertisements. As a result of such requirements, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements has, by definition, transmitted an unsolicited advertisement under the JFPA. This is because such a sender can neither claim that the recipients of the faxed advertisements gave "prior express permission or invitation" to receive the faxes nor can the sender claim the exemption from liability contained in § (b)(C)(1) of the Act.

35.    **The Fax.** Defendant sent the April 13, 2016 fax, and subsequent faxes, via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone facsimile machines of Plaintiff and members of the Plaintiff Class. The fax constituted an advertisement under the Act. Defendant failed to comply with the Opt-Out Requirements in connection with the fax because the faxes fail to apprise recipients of their legal right to opt out and, instead, merely advise recipients that they have the ability to opt out. The Fax was transmitted to persons or entities without their prior express permission or invitation and/or Defendant is precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements. By virtue thereof, Defendant violated the JFPA

and the regulations promulgated thereunder by sending the faxes via facsimile transmission to Plaintiff and members of the Class.

36.     **Defendant's Other Violations.** Plaintiff is informed and believes and, upon such information and belief, avers that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendant has sent, via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Plaintiff Class, faxes that constitute advertisements under the JFPA. These faxes were transmitted to persons or entities without their prior express permission or invitation (and/or that Defendant is precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements in connection with such transmissions). By virtue thereof, Defendant violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and believes and, upon such information and belief, avers that Defendant is continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

37.     The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendant's violations of the Acts, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Acts also provide that injunctive relief is appropriate. *Id.*

38.     The JFPA is a strict liability statute. The Defendant is liable to the Plaintiff and the other Class members even if its actions were only negligent.

39.     The Defendant knew or should have known that (a) the Plaintiff and the other Class members had not given express invitation or permission for the Defendant or anybody else to fax

advertisements about the Defendant's goods or services; (b) the faxes constituted an advertisement; and (c) the faxes did not apprise recipients of their legal right to opt out.

40.     The Defendant's actions caused damages to the Plaintiff and the other Class members. Receiving the Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendant's faxes. Moreover, the Defendant's faxes used the Plaintiff's fax machine. The Defendant's faxes cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing and routing the Defendant's unauthorized faxes. That time otherwise would have been spent on the Plaintiff's business activities. The Defendant's faxes unlawfully invaded the Plaintiff's and other Class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other Class members from the sending of Defendant's advertisements occurred outside of Defendant's premises.

41.     Defendant sent unsolicited faxes to telephone numbers belonging to Plaintiff and the other members of the JFPA Stop Class in an effort to sell its products and services after the person had informed Defendant that s/he no longer wished to receive such faxes from Defendant.

42.     Notwithstanding Defendant's failure to properly apprise Plaintiff and the JFPA Stop Class of their legal right to opt out of receiving such faxes, Plaintiff and the JFPA Stop Class expressly informed Defendant of their desire to stop receiving unsolicited commercial faxes.

43.     Defendant failed to honor Plaintiff and the JFPA Stop Class' express requests to opt-out and continued to send Plaintiff and the JFPA Stop Class unsolicited commercial faxes.

44.     The Defendant's actions caused damages to the Plaintiff and the other Class members. Receiving the Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendant's faxes. Moreover, the Defendant's faxes used the Plaintiff's fax machine. The Defendant's faxes cost the Plaintiff time, as the Plaintiff and its

employees wasted their time receiving, reviewing and routing the Defendant's unauthorized faxes. That time otherwise would have been spent on the Plaintiff's business activities. The Defendant's faxes unlawfully invaded the Plaintiff's and other Class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other Class members from the sending of Defendant's advertisements occurred outside of Defendant's premises.

45.     As such, the faxes constitute unsolicited advertisements.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Timothy Michael Huckabee, D.D.S., P.A., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant Implants & Gumcare, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint the Plaintiff as the representative of the Classes and appoint the Plaintiff's counsel as counsel for the Classes;

B.     That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, or one thousand five hundred dollars ($1,500.00) for each willful violation;

C.     That Court enjoin the Defendant from additional violations; and

D.     That the Court award pre-judgment interest, costs and such further relief as the Court may deem just and proper.

Dated: June 13, 2016

Respectfully submitted,

TIMOTHY MICHAEL HUCKABEE, D.D.S.,
P.A., individually and on behalf of a class of
similarly situated individuals

By:  s/Robert B. Kleinman
    One of Plaintiff's Attorneys


Robert B. Kleinman
Texas Bar No. 24055786
Kleinman Law Firm PLLC
404 W. 7th Street
Austin, Texas 78701
Phone: 512.299.5329
Fax: 512.628.3390

Steven L. Woodrow (Colorado Bar #43140) (*pro hac vice* admission to be sought)
swoodrow@woodrowpeluso.com
Patrick H. Peluso (Colorado Bar #47642) (*pro hac vice* admission to be sought)
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300
Denver CO, 80210
Phone: 720.213.0675
Fax: 303.927.0809

Stefan Coleman (*pro hac vice* admission to be sought)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S Biscayne Blvd, 28th Floor
Miami, Florida 33131
Tel: 877.333.9427
Fax: 888.498.8946